IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MANCHESTER UPTOWN ABQ, LLC a
New Mexico Limited Liability Company, and
ABQ ELEVATE, LLC, a New Mexico
Limited Liability Company,

      Plaintiffs,

v.                                                                       No. 20-CV-716 MV/LF

TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA, a Foreign Company,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Travelers Casualty Insurance Company of America's Motion to Strike Allegations in Plaintiffs' Complaint [Doc. 10]. The Court, having considered the motion, briefs, and relevant law, and being otherwise fully informed, finds that the motion is not well-taken and will be denied.

### BACKGROUND

On June 4, 2020, Plaintiffs commenced the instant action, asserting claims against Defendant for breach of contract, breach of the covenant of good faith and fair dealing, unfair insurance claims practices, and unfair trade practices. Doc. 1-1.  In the Complaint, Plaintiffs allege that they purchased an insurance policy (the "Policy") from Defendant to cover ABQ Elevate Apartments, an apartment complex located at 1001 and 1005 Louisiana Blvd. NE, Albuquerque, New Mexico (the "Property"). *Id.* ¶ 6.  According to the Complaint, the Property suffered damage, including roof damage, as a result of a "significant hailstorm" on July 30, 2018, and that Plaintiffs thereafter filed a claim with Defendant to recover for the costs of

repairing the damage.  *Id.* ¶¶ 17-18.  Defendant denied coverage for the roof damage, based on its determination that the damage was not caused by the hailstorm.  *Id.* ¶ 22.

Relevant to the instant motion, the Complaint includes several paragraphs regarding Defendant's handling of a claim for roof damage after the July 2018 hailstorm filed by Uptown Horizon Apartments ("Horizon"), an apartment complex located at 7601 Lomas Blvd. NE, in Albuquerque, which is located "just a few blocks" from the Property and is managed by the same individuals who manages the Property.  *Id.* ¶ 26.  Specifically, with regard to Horizon, Plaintiff makes the following allegations:  (1) the roofs at Horizon were also damaged by the hailstorm; (2) Defendant "was also the insurer for [Horizon] under a similar policy to the Policy here and fairly adjusted the damages caused by the very same storm there, utilizing a different adjuster, Benjamin LeRoy, to adjust this same storm-damage to the [Horizon]"; Le Roy "was also initially assigned to adjust the claim for the Property before it was transferred to another [of Defendant's] adjustor[s], Keegan Crowther"; "the roofs of [Horizon] and the roofs of the Property were in similar condition at the time of the hailstorm"; Defendant, in "contrast to the adjustment addressed in this action, adjusted and paid for the hail-damaged roofs of [Horizon] to be replaced," thereby making it possible for that property "to be listed for sale with an undamaged (replaced) roof"; and in the instant case, Defendant "decided to avoid payment to repair or replace the Property's roof despite the fact that these claims were identical."  *Id.* ¶¶ 26-33. Defendant moves under Rule 12(f) of the Federal Rules of Civil Procedure to strike these allegations from the Complaint.

## LEGAL STANDARD

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint "must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  Fed. R.

Civ. P. 8(a)(2). "For those pleadings that go beyond the parameters established in Rule 8, Rule 12(f) [of the Federal Rules of Civil Procedure] provides that '[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *Jenkins v. City of Las Vegas*, 333 F.R.D. 544, 547–48 (D.N.M. 2019) (quoting Fed. R. Civ. P. 12(f)). The decision as to whether to strike a portion of a complaint "is within the court's discretion." *Id.* Notably, however, "[s]triking a pleading or part of a pleading is a drastic remedy and because a motion to strike may often be made as a dilatory tactic, motions to strike under Rule 12(f) generally are disfavored." *Martinez v. Naranjo*, 328 F.R.D. 581, 591–92 (D.N.M. 2018) (citation omitted); *see also* 5C C. Wright & A. Miller, Federal Practice & Procedure § 1382, at 433-36 (3d. ed. 2004) ("Rule 12(f) motions to strike on any of these grounds are not favored, often being considered purely cosmetic or 'time wasters' . . . [T]here appears to be general judicial agreement, as reflected in the extensive case law on the subject, that they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy.").

Matters may be stricken under Rule 12(f) as immaterial "if they have no possible bearing on the controversy." *Jenkins*, 333 F.R.D. at 547–48 (citation omitted). "Stated another way, immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded, or a statement of unnecessary particulars in connection with and descriptive of that which is material." *Id.* (citation omitted). Similarly, matters may be stricken under Rule 12(f) as impertinent if they "consist of statements that do not pertain, and are not necessary, to the issues in question." *Id.* "[I]mmaterial and impertinent matters often overlap considerably." *Id.*

**DISCUSSION**

Invoking Rule 12(f), Defendant asks the Court to strike from the Complaint all allegations regarding Defendant's handling of Horizon's claim for hail-related roof damage. Doc. 10 at 3. According to Defendant, these allegations have "no relationship to" and "no bearing on" any of the elements of Plaintiffs' claims of breach of contract, breach of the covenant of good faith, unfair claims practices, and unfair trade practices, and thus are "immaterial and impertinent" for purposes of Rule 12(f). *Id.* at 4-8. The Court cannot agree that allegations regarding Defendant's conduct in connection with adjusting a claim similar to that at issue here on a similar policy procured by the same managers on similarly aged and situated buildings, with roofs in similar condition and that suffered similar damage as a result of the same hailstorm, *see* Doc. 14 at 6, are either immaterial or impertinent.

Defendant contends that "evidence of an unrelated insurance claim cannot be used to support Plaintiffs' causes of action." Doc. 10 at 3. But Defendant cites to no cases interpreting Rule 12(f) to substantiate this contention. To the contrary, as Plaintiffs argue, "there is at least a *possibility* that Travelers' conduct with respect to the two properties will have a bearing on this case, especially as it pertains to Plaintiffs' bad faith and unfair insurance claims practices claims, [and] in light of the fact that both claims were at one time handled by the same adjuster." Doc. 14 at 8 (emphasis in original). Specifically, to adequately state a bad faith claim, Plaintiffs must allege facts that, if proven, would establish that Defendant's denial of their claims was "frivolous or unfounded." N.M.R.A. Rule 12-1702. Similarly, to state an unfair insurance practices claim, Plaintiffs must allege facts that, if proven, would establish that Defendant "knowingly committed" a prohibited practice. N.M. Stat. Ann. § 59A-16-20. Plaintiffs' allegations that Defendant reversed course on its assessment of virtually identical claims for hailstorm-related

4

roof damage, first honoring Horizon's claim but then later rejecting Plaintiffs' claim, if proven, well might establish both that Defendant's denial of Plaintiff's claims was frivolous and unfounded and that by denying Plaintiff's claims, Defendant knowingly committed a prohibited insurance practice. As Plaintiffs argue, Defendant's "treatment of another claim under almost identical facts . . . could implicate what [Defendant's] state of mind was when it transferred adjustors and substituted the engineer on Plaintiff's claim after it paid on [Horizon's] claim." Doc. 14 at 9. The Court thus cannot conclude that the allegations regarding Defendant's disparate treatment of the Horizon claim and Plaintiffs' claim have "no essential or important relationship to" Plaintiffs' claims, or "do not pertain to" the issues in question here.

The cases cited by Defendant do not persuade the Court otherwise. As Defendant admits in its reply brief, each of those cases arose in the wholly separate context of discovery. Doc. 17 at 2. None of those cases applies, interprets, or even so much as mentions Rule 12(f). It follows that none of those cases provides guidance, much less authority, for this Court to strike portions of Plaintiffs' Complaint. Defendant's tortured argument to the contrary is unpersuasive. According to Defendant, because the court in those cases determined that the material sought to be discovered was not "relevant," this Court should find that Plaintiffs' allegations regarding Horizon are equally not relevant. *See* Doc. 17 at 2. But the scope of permissible discovery, presumably after a complaint has been filed, is inapposite to this Court's Rule 12(f) determination as to whether allegations that, if proven, might establish essential elements of Plaintiffs' claims should nonetheless be stricken because they involve Defendant's handling of a separate but allegedly similar insurance claim.

## CONCLUSION

Defendants have failed to demonstrate that Plaintiff's allegations regarding Defendant's

handling of the Horizon claim are either immaterial or impertinent to the claims at issue in this case. To the contrary, those allegations, which contrast Defendant's disparate handling of allegedly similar claims, are directly relevant to Plaintiffs' claims of bad faith and insurance claims practices. Accordingly, there is no basis for this Court to exercise its discretion under Rule 12(f) to strike any allegations from the Complaint.

**IT IS THEREFORE ORDERED** that Travelers Casualty Insurance Company of America's Motion to Strike Allegations in Plaintiffs' Complaint [Doc. 10] is **DENIED**.

DATED this 8th day of January 2021.

_____
MARTHA VÁZQUEZ
United States District Judge